Commonwealth V. Lucha El for Libertad

## Affidavit in Support of Writ of Dismissal

2181 CR 366                                    11/6/21

IN CLERKS OFFICE

"The second Amendment protects modern weapons" Caetano V. Massachusetts, 577 US 411, 412 (2016)² When the term "modern rifle" is used in this opinion it specifically refers to a rifle built on the AR-15 platform with prohibited features Miller V. Bonta. Miller, 307 US at 178. Miller implies that a weapon that is commonly owned and that is useful for the common defense for a militia member is also protected by the second Amendment. That includes High Capacity magazines. Second Amendment protection includes both common arms and weapons that may be useful in warfare Caetano 577 US at 412; that includes body armor, high capacity magazines and ammunition. Friedman V. City of Highland Park "the fact that statistically significant number of Americans use AR-type rifle and large-size magazines demonstrates ipso facto that they are used for lawful purposes. Miller V. Bonta. This court has already described utility of larger, standard capacity magazines in self-defense situations and Californias unconstitutional 10-round limit. See Duncan V. Becerra... the court rejects the notion that magazines capable of holding more than 10 rounds feature prominently in gun violence against law enforcement personnel as there is little evidence. High Capacity magazines are ideal for militias and a ban on them burdens the second Amendment. Major General D Allen Youngman US Army retired testified credibly about the usefulness for militia service of rifles built on the AR-platform—
"The Ar-15 use of standardized magazines... interchangeable parts and the interchagability of parts, including magazines, makes

it ideal" a detachable magazine is "absolutely essential"
for militias use. Youngmans testimony is uncontroverted.
Youngman is very well qualified to opine on the usefulness
of a AR-15 for militia use... His opinion that the
AR-15 (and its standard 30 round magazine) is an ideal
firearm for use in a militia is unequivocal and uncontested
of the prohibited features (including high capacity maga-
zines) most are important for militia use. Statutes/
[that] impose criminal penalties for making and possessing,
by ordinary citizens who could make up a militia, a fire-
arm that is well-suited for militia service in the exact
opposite of a statute with a reasonable fit and places
the most severe burden on those who are able to be
part of the citizens militia, ultimately burden all of the
people of the state and the nation. The AR-15 type
of modern rifle, which includes high capacity magazines,
bears a reasonable relationship to the preservation and
effiency, as well as the effectiveness of a modern well-
regulated militia. Miller V. Bonta. It is therefore
categorically protected by the Second Amendment. Miller V.
Bonta

X Lucha El Por libertad

Lucha El Por libertad

11/7/21

2181CR366

Emergency Petition For Relief Pursuant To G.L. c. 211 § 3

I Lucha El Por Libertad ask that Supreme Judicial Court vacate Judge Pierce's allowance of the Commonwealths motion for 58A detention

I Lucha El a man in full life as well a propria persona, have been held unlawfully under the name Steven Perez which is an instrumentality of the United States, a fiction under U.S.C 28 § 3002 '15 c property of the Federal corporation 15a. I am I, me, myself, I am who I say I am. I am Lucha El Por Libertad a Moroccan American National a Moor. I like every other man have the right to self determination, a right that is given by the Great Creator, no man can give another man this right. If a man through self determination can call himself a woman or, a woman can call herself a man, and others call themselves it etc., then again I am who I say I am.

I Lucha El misidentified by the commonwealth as Steven Perez, am charged with possession of a large-capacity weapon, possession of a large capacity feeding device, possession of a fire arm, possession of a rifle or shotgun - in other words the prosecution was allowed to guess what I was carrying not being sure if I was carrying an arm or its and, use of body armor during a felony, conspiracy to possess

p3ᵇ

firearms, possession of a loaded firearm, and possession of ammunition.

I would like to add that according to the Factual findings, its says the evidence suggests that the defendant was armed. Suggest means to put (as a thought or desire) into a persons mind, to call to mind through close connection or association. So the prosecution isn't going off fact in his own "Factual Findings", not to mention the fact that, the prosecutor can't come to the conclusion of whether I was allegedly carrying a shotgun or rifle.

According to the Commonwealth V. Vieira the Supreme Judicial Court has held that the pre-trial preventative detention scheme of Massachusetts G.L. c. 276 § 58(A) is limited to only "extremely serious offenses" that include the "menace of dangerousness" and holding me as well as my brethren for unlicensed possession of a firearm under Massachusetts G.L. c. 269 § 10(A) is unconstitutional as the offense is a "regulatory offense" See Commonwealth V. Young. Scheme: a secret plan: plot/a plan of something to be done/an organized design. This aforementioned scheme is demostrated best in the "second paragraph of the CPCS advisory, which states that after the Young decision, the Legislature amended §58A to include §10(A) in the enumerated offenses for which the Commonwealth may seek pretrial detention. That resolves the statutory problem the Commonwealth faced in Young, but not the Constitutional problem. ⟶ pg3

Taken together, Mendoza and Young establish that due process does not permit pretrial detention on dangerousness grounds on the basis of a charged offense that is not itself inherently dangerous. If the rule were otherwise, pretrial detention could become the norm rather than the exception, contrary to what Article 12 requires. See Aime, 414 Massachusetts at 677.

Unlicensed possession of a firearm "is a regulatory offense." Young, 453 Massachusetts at 714. "It is passive and victim-less," does not "even require proof that a defendant knowingly failed to acquire or maintain a license," and thus may occur whether or not an individual acquired the firearm for an an illicit purpose.      Because the motive of a person who posesses a firearm without a license is "totally irrelevant" to establishing criminal liability, there is "no principled legal distinction between the risk of physical force posed by licensed and unlicensed possessors of firearms," and thus being held under this statute violates the 5th Amendment due process clause.

According to Texteria V. City of Alemeda - A right which is free and open to all cannot be licensed or taxed. Which therefore makes all alleged claims unconsti-tutional.

Duncan V. Beccera - AR-15 modern rifle, body armor, large capacity magazines, ammunition all preserve the effi-ciency and effectiveness of a well regulated militia and is therefore protected by the 2nd Amendment, 10 round

P54

magazines are unconstitutional.

"I have already stated all the Massachusetts G.L. that prove I shouldnt have been held for pre-trial detention. Now I will list a few supreme court case laws:

There can be no sanction or penalty imposed upon one because of the exercise of a constitutional right. Sherar V. Cullen, 481 F. 945 (9th cir. 1973) Spevack V. Klein, 385 U.S. 511 (1967) Garrity V. New Jersey, 385 U.S. 493 (1967) Boyd V. US, 116 U.S. 616 (1886) Malloy V. Hogan, 378 U.S. 1 (1964)

Where rights by the Constitution are involved, there can be no rule making or legislation which would abrogate them. ; Miranda V. State of Arizona, 86 S. Ct. 1602 at 1636, 384 U.S. 436 at 491 (U.S. Ariz; 1966)

State courts, like federal courts, have a "constitutional obligation" to safeguard personal liberties and to uphold federal law. Stone V. Powell 428 US 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067.

The obligation of state courts to give full effect to federal law is the same as that of federal courts. New York V. Eno, 155 US 89, 15 S. Ct. 30; 39 L. Ed. 80.

Owen V. Independence, 100 S.C.T 1398, 445 US 622
"Officers of the court have no immunity, when violating
a constitutional right, from liability. for they are deemed
to know law

Delaware V. Prousc, 440 U.S. 648, was a United States
Supreme Court case in which the court held that police
may not stop motorist without any reasonable suspicion
to suspect crime or illegal activity to check there
drivers license and auto registration

"Treaty is law of the land as act of congress is when
ever its provision prescribe rule by which rights of
private citizens or subjects may be determined." Head
money cases 112 US 580

"Treaty lawfully entered into stands on the same
footing of supremacy as do constitution and laws
of United States and its generally self operating in
that it requires no legislation by either congress or the
state; Treaty must be regarded as part of law of
state as much as are state's own statutes and it may
override power of state, even in respect of great body
of private relations." Amaya V. Stanolind oil & gas
company.

"Courts cannot go behind for purpose of annulling its
effect and operation." Fellow V. Blacksmith 60 US 366

Pg 6

"State statutory provisions must yield to any applicable provision of any treaty of the United States with a foreign Country, Constituting a part of the Supreme law of the land." De Tenorio V. McGovan

USC 18 § 242 Deprivation of right. Whoever deprive some one of any right under color of any law, statute, code or ordnance shall be fined...

U.S.C 28 § 3002 Definition. 15 Definition of United States mean A- a Federal corporation C - Instrumentality belonging to the United States

On March 27, 2019 Cameron Lugee was arraigned in District court, on charges of forcible rape of a child, in violation of G.L. C. 265, § 22A; rape of a child aggravated by a ten-year age difference, in violation of G.L. c. 265, § 23A; and indecent assault and battery on a child under the age of fourteen, in violation of G.L. c. 265, § 13B. There was an injured party in this matter, a child and twice Cameron Lugee was given bail. There is no injured party in my case yet I am deemed a threat to the community. Though he couldn't make bail District and Superior Court found justification to grant him bail on charges of rape where is the justice in this state.

Crown Castles NG East LLC V. Town of Oyster Bay, 2020 - 17 - CV - 3445

" The court must consider defendants Jurisdictional challenge
before consideration of the merits of the parties summary
Judgement motions." Craig X. Saxon Mortg. Servs.,
Inc. No. 13-CV-4526 (quoting Bobrowsky V. Yonkers
Courthouse, 777 F. Supp. 2d 692, 703 (SDNY 2011)
"A court ruling on Jurisdictional challenge must first
determine whether the defendant is bringing a facial
or factual challenge to its Jurisdiction." Greystone
Bank V. Tavarez (quoting United States ex Casem V.
Yale - New Haven Hosp. 233 F. Supp 2d 319, 320
(D Conn. 2002) also see Robinson V. Gov't of Malaysia,
269 F. 3d 133, 140 (2d Cir) ("defendants may challenge
either the legal or factual sufficiency of plaintiffs
assertion of jurisdiction or both.") A facial challenge
to the courts jurisdiction requires the courts to accept
all of a partys allegations as true.

Primal - Serving as an essential component.
Issue - an important question that is in dispute and
must be settled.
Law - Jurisprudence - the branch of philosophy
concerned with principles that lead courts and legislators
and executives to make decisions.
Juris = "right" or "positive", prudence = science or philosophy
Jurisprudence is the study of nature viz, Natures law and
natures God.
Status. Your mental competence, your mental state,
condition or standing.
Jurisdiction & venue. The power or authority to hear and
decide on an issue or classification of law; personam,

Subject matter I.e. Civil or Criminal, territorial, air, and Sea.
Adjudication. The act of pronouncing Judgement.
Legal proceeding

According to Major Lawrence D. Pierces discussion and order, I Lucha El don't recognize the authority of the court, that is false. I simply stated that there was diversity in my case and that it wasn't the proper venue. I never stated I wouldn't show up. I actually stated that I would come to court with no issue. I did challenge the courts jurisdiction, even then I never stated I wouldn't show up to whatever court date decided or agreed upon. I would gladly appear in court to defend my Honor. In the same order it says that from my own statements it would appear that I was in possession of one or more fire arms. This is also false. I simply said that even if I were or weren't armed, no laws were broken being that the second Amendment to the Constitution for the United States of America stated, that a well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be _infringed_. Infringed meaning - not to be violated, which this state seems to infringe upon ones rights so freely. This is where status comes to play and, having the mental competance to comprehend the commonwealth is totally in the wrong and in 100% violation of the Great Constitution for the United States of America. Major Laurence D. Pierce knows this I am sure since he is deemed to know law.

Also in the discussion and order the Majai Laurence D. Pierce states that, I am an immediate threat to the community and brings up a charge that I have not been convicted of, and that is irrelevant to this matter at hand. I don't see how I can be a danger to the community since I along with my brethren were pulled over on the side of the highway to refuel our conveyances with not a soul around. The only living things, species, life forms around us were trees. The commonwealth is the threat to the community, the commonwealth and its prosecutors freely and openly violate the Constitution for the United States and its own state laws. If the Commonwealth respected the Constitution, I would be home with my family because, there is no injured party on this matter, and no laws have been broken. If the commonwealth along with its prosecutors respected its own General laws I would be home because, simply carrying an arm lacks the menace of dangerousness and all the videos shown in court prove that we were peaceful and cordial as the trooper stated in the police report and on video a video the Majai Laurence D. Pierce saw with his own eyes.

Pretrial detention is not necessary being that I would come to court as I stated on the record for the record of my last court appearance, my Honor and word is what I stand on and I will come to court to defend oath.

Under T.D.C    unlawfully detained

Lucha El Por Libertad    Lucha El Por Libertad